Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **BAHMAN PAYMAN, M.D.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:04CV00017 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **LEE COUNTY COMMUNITY** | ) | By: James P. Jones |
| **HOSPITAL, ET AL.,** | ) | Chief United States District Judge |
| | ) | |
| Defendants. | ) | |

*Bahman Payman, M.D., Plaintiff Pro Se; Terry G. Kilgore, Wolfe Williams & Rutherford, Gate City, Virginia, for Defendant Mary Ann Sexton; Patrick T. Fennell, Magee Foster Goldstein Sayers, Roanoke, Virginia, for Defendants Lee Regional Medical Center, Susan Willis, and Gowdagere K. Udayakumar.*

Additional defendants have moved for summary judgment in this case, brought pro se by Bahman Payman, M.D. The plaintiff has responded to the motions, and they are ripe for decision.[1]

The background of the case is set forth in earlier opinions of the court. *See Payman v. Lee County Cmty. Hosp.*, No. 2:04CV00017, 2005 U.S. Dist. LEXIS 3743

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process. The parties have filed lengthy declarations and exhibits relating to the Motions for Summary Judgment, all of which I have carefully reviewed.

-1-

(W.D. Va. Mar. 11, 2005); *Payman v. Lee County Cmty. Hosp.*, No. 2:04CV00017, 2005 U.S. Dist. LEXIS 2923 (W.D. Va. Feb. 28, 2005); *Payman v. Lee County Cmty. Hosp.*, No. 2:04CV00017, 2005 U.S. Dist. LEXIS 2009 (W.D. Va. Feb. 14, 2005); *Payman v. Lee County Cmty. Hosp.*, 338 F. Supp. 2d 679 (W.D. Va. 2004).

In his Amended Complaint, filed June 25, 2004, Payman claimed that the defendants had conspired in "early" 2000 to "interfere with [his] contractual [Lee County Community Hospital] relationship and [his] reasonable professional opportunities with other hospitals, and to injure [him] in his PROFESSIONAL REPUTATION, IN BAD FAITH AND MALICIOUS INTENT." (Am. Compl. ¶ 3.)

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see* Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir. 1985).

Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Id.* at 327. It is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted).

In opposing summary judgment, the nonmoving party must "set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e). Inadmissible hearsay cannot be used to oppose summary judgment. *See Greensboro Prof. Fire Fighters Ass'n v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

Proof of a common law conspiracy requires a showing that two or more persons engaged in concerted action to accomplish some criminal or unlawful purpose, or some lawful purpose by criminal or unlawful means. *See Am. Online, Inc. v. LCGM, Inc.*, 46 F. Supp. 2d 444, 452 (E.D. Va. 1998).

## MARY ANN SEXTON

Defendant Mary Ann Sexton held various positions at Lee County Community Hospital ("LCCH") from May 1995 to September 2000. Payman argues that Sexton conspired against him because she "reported" him to GKU Kumar, former CEO of the hospital, for "stealing fetal Dopplers" and "treat[ing] [him] like a criminal." (Mot.

-3-

in Opp'n to Summ. J. ¶ 9.) Payman also contends that Sexton took certain of his office records to Dr. Laufer's office, another defendant in this case. Sexton has filed a declaration, which clearly shows that no claim of conspiracy can be proved against her. Payman has provided no evidence to the contrary.

### SUSAN WILLIS

Defendant Susan Willis has been a member of the Board of Directors of Lee County Community Foundation and its predecessor LCCH since 1999. Payman argues that Willis conspired against him because she told several of his patients that he could not have his medical office at his house. (Mot. in Opp'n to Summ. J. ¶ 9.) Payman also contends that Willis "bad mouthed" his religion to one of his patients. (*Id.*) To the extent that Willis participated in the board's actions leading to the resignation of Payman, she is immune from civil liability under state law. *See* Va. Code Ann. § 8.01-581.16 (Michie Supp. 2004). Even without such immunity, however, the uncontested facts shown in Willis' declaration establish that she did not engage in any actionable conspiracy.

### GKU KUMAR

Defendant Gowdagere K. Udayakumar, also known as GKU Kumar, was the Chief Executive Officer of LCCH from February 1999 to August 2001. Payman argues that Kumar conspired against him because Kumar accused him of stealing a

fetal doppler in front of Sexton, took a fax machine out of Payman's office without notifying him, disconnected Payman's office telephone line, and blocked plaintiff's application for hospital privileges at certain hospitals.[2] Payman also contends that Kumar handled a particular medical case, "EMTALA," wrongly, and refused to "attend multifaith," which was organized by Payman. (Mot. in Opp'n to Summ. J. ¶ 9.) Kumar's declaration clearly shows an absence of conspiracy, and Payman has presented no evidence to the contrary. Payman merely asks the court to assume that many of the medical professionals employed at LCCH at the time Payman departed from LCCH conspired against him.

## LEE REGIONAL MEDICAL CENTER

Lee Regional Medical Center ("LRMC") is the name under which Pennington Gap HMA, Inc., does business. LRMC acquired the assets of LCCH in 2001. LCCH's debts that arose before July 18, 2002, were discharged in bankruptcy. Based on LRMC's brief in support of its Motion for Summary Judgment, it is clear that Payman has failed to raise a genuine issue of material fact as to whether LRMC engaged in a conspiracy against him after August 30, 2001, the date of the sale. In any event, it is also clear that there was no actionable conspiracy against Payman

---

[2] To the extent that Payman asserts a defamation claim against Kumar, it is barred by the applicable statute of limitations. *See* Va. Code Ann. § 8.01-247.1 (Michie 2000).

-5-

committed by LCCH, the predecessor of LRMC. Indeed, the conclusory arguments made by Payman in this case are wholly unsupported by specific, factual allegations that give rise to a genuine issue of material fact as to a conspiracy.

REQUEST FOR ADDITIONAL DISCOVERY

Payman requests that summary judgment not be considered until he has had an opportunity to engage in discovery, including depositions of the parties.

Federal Rule of Civil Procedure 56(f) provides that when it appears that the nonmovant cannot "for reasons stated present by affidavit facts essential to justify the [nonmovant's] opposition [to the motion for summary judgment]," the court may allow further discovery. Fed. R. Civ. P. 56(f). However, the nonmovant's obligation under the rule is to "particularly specif[y] legitimate needs for further discovery." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). Here the plaintiff has not specified how any discovery might allow him to counter the defendants' motions for summary judgment. This action has been pending for over a year and the events surrounding the plaintiff's claims occurred as long as five years ago. Further inconvenience and expense to the defendants is not justified. Accordingly, the request will be denied.

## ADDITIONAL DEFENDANTS

The court has now resolved all outstanding claims against defendants who have been served and appeared in this action. Payman named additional defendants in his initial state court action, but the time for serving those defendants has expired. Accordingly, as to those defendants, the action will be dismissed without prejudice.

## MOTIONS FOR SANCTIONS

Defendants Willis, Kumar, and LRMC have filed a Second Amended Motion seeking sanctions against the plaintiff under Federal Rule of Civil Procedure 11. The court will entertain any further submissions by the parties as to this motion. The court will consider monetary sanctions, as well as an injunction against further legal actions or suits by the plaintiff against the defendants in any court without the prior permission of this court. If the defendants seek attorneys' fees as a sanction, they must file an itemized statement of such fees and expenses.

A separate judgment consistent with this Opinion will be entered forthwith.

DATED: April 20, 2005

/s/ JAMES P. JONES
Chief United States District Judge