Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **BAHMAN PAYMAN, M.D.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:04CV00017 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **LEE COUNTY COMMUNITY** | ) | By: James P. Jones |
| **HOSPITAL, ET AL.,** | ) | Chief United States District Judge |
| | ) | |
| Defendants. | ) | |

*Bahman Payman, M.D., Plaintiff Pro Se; Patrick T. Fennell, Magee Foster Goldstein Sayers, Roanoke, Virginia, for Defendants Susan Willis, Gowdagere K. Udayakumar (also known as "GKU Kumar"), and Lee Regional Medical Center.*

The successful defendants in this civil case seek to reopen the judgment for the limited purpose of reconsidering the court's denial of monetary sanctions against the plaintiff. For the reasons stated, I will deny their Motion to Reopen and Motion to Reconsider.

On June 25, 2004, the plaintiff, a physician, filed a pro se Amended Complaint in this court against his former employer, Lee County Community Hospital, as well as fourteen additional defendants. The background of the case is set forth in earlier opinions of the court. *See Payman v. Lee County Cmty. Hosp.*, No. 2:04CV00017, 2005 U.S. Dist. LEXIS 2923 (W.D. Va. Feb. 28, 2005); *Payman v. Lee County Cmty.*

*Hosp.*, No. 2:04CV00017, 2005 U.S. Dist. LEXIS 2009 (W.D. Va. Feb. 14, 2005); *Payman v. Lee County Cmty. Hosp.*, 338 F. Supp. 2d 679 (W.D. Va. 2004).

All of the defendants moved for summary judgment, and, after briefing, I granted these motions because the plaintiff failed to show that he had any viable claim. In addition, certain of the defendants served motions for sanctions against the plaintiff pursuant to Federal Rule of Civil Procedure 11(c)(1)(A). Finding that the plaintiff's Amended Complaint had no evidentiary support, I granted the motions for sanctions. However, as to the current defendants under consideration, Lee Regional Medical Center, Susan Willis, and Gowdagere K. Udayakumar (also known as "GKU Kumar"), I granted only a nonmonetary sanction in the form of a permanent injunction. These defendants subsequently filed the present motion to reopen this case for the limited purpose of reconsidering the court's denial of monetary sanctions in the amount of their legal fees and expenses. The motion has been briefed and is ripe for decision.

Rule 11 is not a fee-shifting rule, and without statutory authorization or contractual agreement between the parties, the prevailing American rule is that each party in federal litigation pays his own attorneys' fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 263-64 (1975); *see also Anschutz Petroleum Marketing v. E.W. Saybolt & Co.,* 112 F.R.D. 355, 357 (S.D.N.Y.1986)

-2-

Case 2:04-cv-00017-JPJ-PMS   Document 348   Filed 06/26/05   Page 2 of 3   Pageid#: 1717

(stating "[R]ule [11] provides for sanctions, not fee shifting."). Moreover, while compensation of injured parties is certainly part of Rule 11's function, it is designed primarily to serve the purpose of deterring future violations. An appropriate sanction under the rule does not necessarily mean a full award of fees and costs. *See Blue v. U.S. Dep't of Army,* 914 F.2d 525, 547 (4th Cir. 1990)*; Fahrenz, v. Meadow Farm P'ship*, 850 F.2d 207, 211 (4th Cir. 1988); *Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir.1987).

In this case, the court imposed a sanction that fully served the purposes of Rule 11 after taking into consideration the nature of the plaintiff's breach. Sufficient monetary sanctions have already been imposed on the plaintiff, and the court granted the defendants' motion for a permanent injunction against the plaintiff. While it may be true that an electronic filing error delayed the court's receipt of these defendants' itemized request for attorneys' fees, appropriate sanctions have already been imposed, and further sanctions would not serve the purposes of Rule 11.

Accordingly, the defendants' Motion to Reopen and Motion to Reconsider (Doc. Nos. 344 and 345) are DENIED.

ENTER: June 26, 2005

/s/ JAMES P. JONES
Chief United States District Judge