# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| BAHMAN PAYMAN, M.D., ) | |
| ) | |
| Plaintiff, ) | Case No. 2:04CV00017 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| LEE COUNTY COMMUNITY ) | By: James P. Jones |
| HOSPITAL, ET AL., ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

*Bahman Payman, M.D., Plaintiff Pro Se; James N.L. Humphreys, Hunter, Smith & Davis, Kingsport, Tennessee, for Defendant Dr. Roy S. Shelburne.*

On March 31, 2005, this court directed the plaintiff, Bahman Payman, to pay certain monetary sanctions in this case and also enjoined him from "instituting, submitting, or filing any lawsuit, legal action, or other proceeding in any court, tribunal or agency" against defendant Dr. Roy S. Shelburne and others, "without first obtaining written leave from this court." (Order, Mar. 31, 2005, ¶ 3.)[1] At the time, Payman had pending against Shelburne a lawsuit in the Circuit Court of Lee County, Virginia, having filed it on May 21, 2004. It was not until nearly two years later, on May 4, 2006, that the lawsuit was served on Shelburne.

---

[1] The reasons for the sanctions and injunction are set forth in *Payman v. Lee County Community Hospital*, No. 2:04CV00017, 2005 WL 735886 (W.D. Va. Mar. 31, 2005).

In response to service of process, Shelburne filed in the state lawsuit a Plea in Bar, asking that the action be dismissed because it had not been served within one year, as required by a Virginia procedural rule. That rule provides that "[n]o order, judgment or decree shall be entered against a defendant who was served with process more than one year after the institution of the action against that defendant unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on that defendant." Va. Rules of Court 3:5(e); *see also* Va. Code Ann. § 8.01-275.1 (2000) (providing that "[s]ervice of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant.").

At the hearing on the Plea in Bar, counsel for Payman argued that due diligence had been exercised because counsel was concerned that service of the suit would be in violation of the injunction entered by this court and only "felt comfortable to act" when the monetary sanctions had been finally paid and released on December 27, 2005. (Tr. 10.) On January 11, 2006, counsel directed the clerk of court to issue process for service. The state court, in an order entered after the hearing, found that the injunction "impaired [the plaintiff's] right to seek service of process" and that

"this constitutes the exercise of due diligence in serving defendant." (Order, Dec. 19, 2006.) The Plea in Bar was thus denied.

Shelburne thereafter filed in this court a Motion to Show Cause, asking this court to hold Payman in contempt for serving process in the state court action without first obtaining permission from this court. While Shelburne concedes that he did not construe this court's injunction as applying to service of process in an action already pending when the injunction was entered, he argues that Payman is estopped from contending otherwise in light of his argument to the state court concerning his purported exercise of due diligence.

Shelburne relies on the doctrine of judicial estoppel, applied where a litigant asserted a legal position in a prior court proceeding "that is completely at odds with the position now asserted." *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1167 (4th Cir. 1982). The object is to prevent litigants "from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." *Id.* at 1166 (internal quotation omitted). It "is an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotation omitted).

I agree with Shelburne that this court's injunction did not apply to the service of the suit papers in the preexisting lawsuit. Payman did not institute a "lawsuit, legal action, or other proceeding" by merely directing that service of process be made in

-3-

an existing action. On the other hand, I do not find it appropriate to apply judicial estoppel to prevent Payman from contending otherwise. It is clear to me from the record that Payman's counsel simply argued to the state court that the existence of the injunction caused the delay beyond a year because of the fear that it <u>might</u> be held to apply to the service of the suit papers. Once the monetary sanctions had been paid, it was felt that the risk was more acceptable. That is not a legal position that the injunction did apply, but only that it created an arguable excuse for the delay.

Of course, it might be argued that if Payman had been truly uncertain about the scope of the injunction, he could have applied to this court within the year's time for leave to serve the lawsuit or for an interpretation that the injunction did not apply. But that is an argument for the state court and this court does not sit in appeal of that court's determination that due diligence was exercised.

For the reasons stated, it is **ORDERED** that the motion to hold the plaintiff in contempt is DENIED.

ENTER: July 27, 2007

/s/ JAMES P. JONES
Chief United States District Judge

-4-

Case 2:04-cv-00017-JPJ-PMS   Document 405   Filed 07/27/07   Page 4 of 4   Pageid#: 1968